134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George N. SOUSA, Plaintiff-Appellant,
v.
Westin MAUI; Benard Agache; Cynthia J. Heu, Defendants-Appellees.
 No. 96-16467.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Sousa appeals pro se the district court's judgment in favor of the Westin Maui following a bench trial. He contends that the district court erred in denying his motion to extend discovery to depose a witness and in finding that his supervisors were not aware when they terminated him that he was engaged in activity protected from retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's rulings concerning discovery. Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1993). Sousa contends that the district court should have granted his May 1996 motion to extend the June 1995 discovery deadline to allow him to depose a newly located witness, Gerda Amano.
 
 
 4
 Here, as the court noted, Sousa had ample time to identify and locate witnesses during the discovery period. He moved to reopen nearly a year after the discovery period ended, and he failed to notify defendants or the court of his need to depose Amano when he moved for and was granted two trial continuances, both on the day trial was scheduled to begin. Furthermore, Amano's testimony would be of no probative value to his case because it would not support his retaliation theory and Sousa himself could testify as to the incident for which he sought Amano's testimony. Accordingly, the district court did not abuse its discretion in denying the motion to reopen discovery.
 
 
 5
 Sousa also contends that the district court erred in finding after trial that his supervisors were not aware when they terminated him that he was engaged in activity protected from retaliation under Title VII.
 
 
 6
 We review for clear error the district court's findings of fact after a bench trial, whether based on oral or documentary evidence, and we give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Spokane Arcade, Inc. v. City of Spokane, 75 F.3d 663, 665 (9th Cir.1996) (citing Fed.R.Civ.P. 52(a)).
 
 
 7
 The court heard testimony regarding Sousa's allegation that his termination was in retaliation for his counseling of fellow employees. It found that Sousa did not provide his supervisors with the names of disgruntled employees or with details of their alleged complaints, and did not tell them that employees were being discriminated against or sexually harassed or that he was counseling employees on such matters. It noted that Sousa testified that he never used the term "EEOC" in any conversations with his supervisors. The court found that discrepancies between Sousa's handwritten journal and the typewritten version he submitted to the EEOC as contemporaneous recordations of actual events cast grave doubts on his credibility, as did discrepancies between allegations he made to the EEOC and his deposition and trial testimony. The court also found that the Westin Maui terminated Sousa for non-pretextual, legitimate business reasons unrelated to any involvement he may have had in activity which is protected from retaliation under Title VII.
 
 
 8
 The trial transcript amply supports these findings. There is no clear error.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Sousa's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3